UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL RODRIGUEZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOODRICH CORPORATION, a corporation; HAMILTON SUNDSTRAND CORPORATION, a corporation; UNITED TECHNOLOGIES CORPORATION, a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:14-cv-01026 JAM AC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

This matter is before the Court on Plaintiff Raphael Rodriguez's ("Plaintiff") Motion to Remand (Doc. #9). Defendants Goodrich Corporation, Hamilton Sundstrand Corporation, and United Technologies Corporation ("Defendants") oppose the motion (Doc. #10) and Plaintiff filed a reply (Doc. #13). For the following reasons, Plaintiff's motion is GRANTED.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 9, 2014.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff was employed as a non-exempt hourly employee by Defendants. FAC ¶ 8. Plaintiff alleges, on behalf of himself and a putative class of similarly situated employees, that Defendants improperly calculated overtime rates, and thus failed to comply with various provisions of the California Labor Code. FAC ¶ 13. Specifically, Plaintiff alleges that Defendants failed to include "awards, bonuses or other incentive compensation" in his "regular rate of pay," for purposes of calculating the proper overtime premium rate of pay. FAC ¶¶ 13-14.

On March 5, 2014, Plaintiff filed the First Amended Complaint ("FAC") in Solano County Superior Court. The FAC alleges the following causes of action: (1) Failure to Pay Overtime Wages at Proper Rate When Paying Additional Remuneration in violation of Labor Code §§ 510 and 1194; (2) Failure to Properly Itemize Paystubs, in violation of Labor Code §§ 226(a) and 226(e); (3) Failure to Pay Wages Due at Time of Termination, in violation of Labor Code §§ 201, 202, and 203; (4) Unfair Business Practices, in violation of Business and Professions Code § 17200; and (5) Civil Penalties Pursuant to the Private Attorneys General Act of 2004, Labor Code § 2698.

On April 25, 2014, Defendants removed the matter to this Court, alleging original federal jurisdiction pursuant to 28 U.S.C. § 1332(a), based on diversity of citizenship. Notice of Removal at 1. Although Plaintiff's total individual damages only amount to $7,436.80, Defendants allege that the amount in controversy requirement is satisfied because "the attorneys' fees here alone would exceed $75,000." Notice of Removal at 12.

2

## II.   OPINION

### A.   Legal Standard

Generally, a state civil action is removable to federal court only if it might have been brought originally in federal court. See 28 U.S.C. § 1441. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988); Takeda v. Northwestern National Life Insurance Co., 765 F.2d 815, 818 (9th Cir. 1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citing Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)). To establish diversity jurisdiction, the defendant must show that complete diversity exists among the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

### B.   Discussion

Plaintiff argues that removal was improper because Defendants improperly calculated attorneys' fees for purposes of Plaintiff's individual amount in controversy. Mot. at 5. Plaintiff maintains that, in a putative class action, potential attorneys' fees "cannot be attributed solely to the named plaintiffs for purposes of the amount in controversy." Mot. at 5

(citing Kanter v. Warner-Lambert Co., 265 F.3d 853, 858 (9th Cir. 2001)). Plaintiff argues that this issue has been settled by the Ninth Circuit's decisions in Kanter and Gibson v. Chrysler Corp., 261 F.3d 927, 942 (9th Cir. 2001). Mot. at 5.

Defendants oppose this argument on several grounds. First, Defendants argue that Kanter and Gibson do not apply to the present case, as Plaintiff seeks recovery under a statute that authorizes an award of attorneys' fees to any individual who brings a successful claim. Opp. at 8. Second, Defendants argue that they have not improperly "aggregated" the attorneys' fees for all members of the putative class, but rather "Defendants' calculation of attorneys' fees is premised solely on the single named Plaintiff's individual claims[.]" Opp. at 9. Finally, Defendants argue that Kanter and Gibson do not apply because the class has not yet been certified. Opp. at 11.

The Ninth Circuit has held that, "if a named plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed class members irrespective of the amount in controversy in those claims[.]" Kanter, 265 F.3d at 858. Therefore, the entire action is removable if Plaintiff's individual amount in controversy exceeds $75,000.

Generally, "where an underlying statute authorizes an award of attorneys' fees, . . . such fees may be included in the amount in controversy." Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). However, in a putative class action, attorneys' fees "cannot be allocated solely to [named] plaintiffs for purposes of amount in controversy," unless the statute in

4

question authorizes an award of attorneys' fees "solely to the named plaintiffs in a class action." Gibson, 261 F.3d at 942. In Gibson, the Ninth Circuit noted that a California statute which authorized an award of attorneys' fees "to a successful party" did not satisfy that condition, whereas a Louisiana statute, which awarded attorneys' fees to "the representative parties" in a class action, did satisfy that condition. Gibson, 261 F.3d at 942. Soon thereafter, the Ninth Circuit held that "potential attorneys' fees [could not] be attributed solely to the named plaintiffs for purposes of amount in controversy," where the statute in question authorized an award of attorneys' fees "to a prevailing plaintiff." Kanter, 265 F.3d at 858. In both cases, the Ninth Circuit reasoned that, in a putative class action, attributing attorneys' fees solely to a named plaintiff for purposes of amount in controversy would be improper, because the plaintiff would not ultimately be entitled to the entirety of that award upon a favorable disposition of the case. Gibson, 261 F.3d at 942; Kanter, 265 F.3d at 858.

In the present case, Plaintiff would be entitled to attorneys' fees upon a favorable disposition of the matter. See Cal. Labor Code § 1194(a); Cal Labor Code § 226(e); Cal. Labor Code § 2699(g). However, the relevant sections of the California Labor Code do not authorize awards of attorneys' fees "solely to the named plaintiffs in a class action," but rather to "an employee" or "any employee" who prevails on his or her claim. Gibson, 261 F.3d at 942. Therefore, under Gibson and Kanter, attorneys' fees "cannot be allocated solely to [Plaintiff] for purposes of amount in controversy," but rather must be divided by

1 | the number of putative class members. Gibson, 261 F.3d at 942;
2 | see Davenport v. Wendy's Co., 2013 WL 6859009 (E.D. Cal. Dec. 24,
3 | 2013) (holding that, under CLC § 1194(a), § 226(e), and
4 | § 2699(g), the "estimate of potential attorneys' fees must be
5 | divided by the number of class members," for purposes of amount
6 | in controversy). As Defendants have not attempted to make such a
7 | calculation, their allegation that Plaintiff's attorneys' fees
8 | will amount to "$77,500 - $220,000" is conclusory, and
9 | insufficient to establish that the amount in controversy exceeds
10 | $75,000. Notice of Removal at 16.
11 | Defendants' argument that Gibson and Kanter do not apply
12 | because Plaintiff "is seeking fees under a statute that allows
13 | for individual recovery [of attorneys' fees], absent any public
14 | benefit and absent any class-wide recovery," is unpersuasive.
15 | Opp. at 8. This argument misreads Gibson, which emphasizes the
16 | distinction between a statute that permits the recovery of
17 | attorneys' fees by each member of a successful class, and a
18 | statute that permits the named plaintiff in a successful class
19 | action to recover the entirety of attorneys' fees on behalf of
20 | the entire class. Gibson, 261 F.3d at 942. Under the reasoning
21 | in Gibson, it is immaterial that the relevant sections of the
22 | California Labor Code permit recovery of attorneys' fees by an
23 | individual plaintiff suing only on his own behalf. Rather, the
24 | fact that the relevant sections of the California Labor Code do
25 | not award attorneys' fees solely to the named plaintiff in a
26 | successful class action places this case squarely within the
27 | holding of Gibson. Gibson, 261 F.3d at 942. Moreover, the
28 | relevant statute in Kanter - § 1780 of the California Civil Code

– provides for an award of attorneys' fees to successful individual plaintiffs, even in the absence of a class action lawsuit. Cal. Civ. Code § 1780(e). Therefore, Defendants' attempt to distinguish the present case from Gibson and Kanter is unavailing.

Defendants' argument that they "did not aggregate attorneys' fees recoverable for the putative class" is similarly unpersuasive. Opp. at 9. Although Defendants claim that their calculation of attorneys' fees is based solely on those fees applicable to Plaintiff as an individual, the calculation itself belies this contention. Defendants' estimate of attorneys' fees is substantially based on legal work that, in a class action, would be performed on behalf of the entire class. Notice of Removal at 15. For example, "pretrial activities" such as "the preparation of motions in limine, motions to bifurcate, witness list, exhibit list, jury instructions, special verdict questions, witness testimony outlines, an opening statement, and a closing argument," would be conducted on behalf of the entire putative class, not merely Plaintiff as an individual. Notice of Removal at 15. Although Defendants appear to argue that Plaintiff would be entitled to these fees if he were to pursue the action as an individual, it is abundantly clear from the FAC that Plaintiff will be pursuing the matter as a class action. FAC ¶¶ 23-25. Under Gibson and Kanter, the Court need not close its eyes to Plaintiff's ultimate class action aspirations: it would defy common sense to treat the matter as an individual action for purposes of removability, with the specter of a class action looming in the immediate future.

7

1      Defendants' final attempt to distinguish the present case
2 from Gibson and Kanter on the grounds that the class has not yet
3 been certified, also fails to convince this Court that
4 Plaintiff's request to remand this case should be denied.  Opp.
5 at 11.  As an initial matter, this argument ignores the reality
6 that, in putative class actions, motions to remand are generally
7 heard prior to the Rule 23 hearing on class certification.  Under
8 28 U.S.C. 1447(c), a party seeking remand must file its motion
9 within 30 days of the matter's removal to federal court.  Due to
10 this compressed timeline, classes are rarely (if ever) certified
11 prior to a court's consideration of a motion to remand.  Indeed,
12 in Gibson, the Ninth Circuit indicated that the putative class
13 had not yet been certified.  Gibson, 261 F.3d at 941 (predicting
14 the ultimate amount of attorneys' fees "if removal to federal
15 court were upheld and class certification *were* granted")
16 (emphasis added).  Accordingly, the rationale of Gibson applies
17 with equal force whether the motion to remand is brought before
18 or after the class is certified.
19      The amount of Plaintiff's individual damages in controversy
20 is $7,436.80.  Notice of Removal at 12.  Defendants have failed
21 to establish, by a preponderance of the evidence, that
22 Plaintiff's attorneys' fees would exceed $67,563.20.
23 Accordingly, Plaintiff's Motion to Remand is GRANTED. The Court
24 need not and does not reach Plaintiff's remaining arguments in
25 support of his motion herein.
26      In their opposition, Defendants seek leave to amend their
27 notice of removal "to include jurisdiction under the [Class
28 Action Fairness Act], 28 U.S.C. § 1332(d)."  Opp. at 18.

8

1  Defendants did not file their Motion to Amend (Doc. #12) as a
2  cross-motion to Plaintiff's Motion to Remand, and Defendants'
3  Motion to Amend is not set for hearing until August 20, 2014.
4  The Court declines to address this issue prematurely, especially
5  in light of the fact that it has not yet been fully briefed by
6  both parties.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand.  Consistent with this Order, Defendants' Motion to Amend is now moot, and the August 20, 2014 hearing date is vacated:

IT IS SO ORDERED.

Dated: July 31, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE